UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10356-RWZ

UNITED STATES OF AMERICA

v.

EUGENE TERRELL PATRICK

ORDER ON PRETRIAL MOTION

April 25, 2007

ZOBEL, D.J.

Defendant Eugene Terrell Patrick ("Patrick") was indicted on November 2, 2006 and is charged with one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of criminal forfeiture in violation of 21 U.S.C. § 853. (Docket # 1). Defendant now moves to suppress the evidence seized from his automobile during the course of his arrest. (Docket # 13). Based on the parties' motion papers and after an evidentiary hearing, I find the following facts and deny defendant's motion to suppress.

**I.   Facts**

On the evening of Friday, July 28, 2006 at approximately 6:15 p.m., defendant Patrick was driving in the area of Intervale Street in Dorchester, Massachusetts. Patrolling the area that evening in an unmarked police cruiser and plainclothes were Boston police officers James Sheehan, Brian Smigielski, Kevin Ervin and Michael Walsh, all of whom were serving on the Youth Violence Strike Force. Officer Sheehan,

who was in the front passenger seat of the vehicle, testified.  As the officers were patrolling the area, Sheehan's attention was drawn to a blue Toyota Avalon with Massachusetts license plate number 51LS79 as it traveled south on Mascoma Street toward Lawrence Avenue.  At the intersection, the car made a right-hand turn onto Lawrence Avenue, heading northwest toward Blue Hill Avenue, which was the wrong way down a one-way street.  The officers followed the vehicle for a few moments during which time they ran its license plates through the Massachusetts Registry, a computer database containing information about the motor vehicle's registration and owner.  The Registry responded quickly with information that the car was validly registered and insured, and that the owner, Patrick, held a valid Massachusetts driver's license.  I credit Sheehan's testimony that when he heard defendant's name from the Registry, he recognized him as a suspect in several investigations then underway.  Patrick continued driving the wrong way down Lawrence Avenue for a couple of blocks and then turned left onto Fernboro Street and left again onto Intervale Street heading southeast toward Columbia Road.

As they followed on Intervale Street, the officers noticed spaces where the defendant could safely pull off the road, and Officer Smigielski activated the police cruiser's flashing blue lights and siren and attempted to pull Patrick over.  Rather than stopping, Patrick sped up in an effort to elude the police.  He turned right on Columbia Road, traveling approximately 40 to 50 miles per hour.  Shortly thereafter, he was forced to stop on Devon Street as he approached stopped traffic at the intersection with Columbia Road.  At that time, the police cruiser was approximately four feet directly

behind Patrick's vehicle.

Once Patrick's car became stuck in traffic, Officers Smigielski and Elvin left the police cruiser and approached Patrick's car on the driver's and passenger's sides respectively. Officer Sheehan then also got out of the police cruiser and joined Officers Smigielski and Elvin. All officers had their police badges displayed around their necks. They identified themselves as police officers and ordered Patrick to get out of his car. Patrick then started and quickly accelerated his vehicle and struck the car in front of him, which was stopped at the intersection. He then put his car in reverse, but his path was blocked by the police cruiser and officers in the path of the vehicle.

At this point Officer Elvin drew his weapon and again ordered defendant to stop, shut off the engine and show his hands, while Officer Sheehan approached the car, smashed the front passenger-side window with his flashlight and opened the lock on the door. Defendant then put up his hands and, after a struggle, Officers Elvin and Smigielski removed him from his car. Officer Sheehan patted Patrick down, placed him in handcuffs and arrested him. At the same time, Officers Elvin and Smigielski searched the car and found 29 rocks of crack cocaine (weighing 28 grams) in a large, clear plastic bag under the driver's seat. The car was inventoried and towed. Defendant was issued a citation signed by Officer Walsh for three violations: (1) operating a motor vehicle on a one-way street; (2) refusal to submit; and (3) operating a vehicle to endanger.

**II.    Conclusions of Law**

    **A.    Motion to Suppress Evidence Seized**

Patrick now moves to suppress the 28 grams of crack cocaine seized from his car. The principal question is whether the officers had probable cause to stop Patrick and thereafter arrest him and search his vehicle.

### 1. Lawfulness of the Stop

By definition, a traffic stop "embodies a detention of the vehicle and its occupants" and therefore "constitutes a seizure within the purview of the Fourth Amendment." United States v. Chhien, 266 F.3d 1, 5 (1st Cir. 2001). It is well established that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Moreover, courts have recognized that "the police may stop a vehicle on less than probable cause; an investigative stop can be justified by a reasonable and articulable suspicion of criminal activity." United States v. Starks, 301 F. Supp. 2d 76, 81 (D. Mass. 2004) (internal citations omitted).[1] See also Chhien, 266 F.3d at 5 (affirming district court's denial of defendant's motion to suppress on the ground that police had reasonable suspicion to stop defendant's vehicle for traffic violations of tailgating and operating a vehicle equipped with blue-tinted lights); United States v. Awer, No. CR06-061S, 2007 WL 172258, *2 (D. R.I. Jan. 23, 2007) (denying defendant's motion to suppress on the ground that the stop of defendant's vehicle was justified where police observed vehicle traveling at speed of 18 to 21 miles per hour in

---

[1] Indeed, "a car is lawfully stopped where there is probable cause for believing that a traffic violation occurred regardless of the officers' subjective motivation for the stop." United States v. Soares, 451 F. Supp. 2d 282, 286 (D. Mass. 2006) (citing Whren v. United States, 517 U.S. 806 (1996)).

excess of the speed limit); United States v. Andrade, 94 F.3d 9, 10 (1st Cir. 1996) (affirming district court's denial of defendant's motion to suppress evidence seized; police stop of vehicle was justified by reasonable suspicion where defendant's vehicle engaged in illegal U-turn).

Here, the officers reasonably stopped Patrick once he made the illegal turn and drove the wrong way down a one-way street.  Defendant's contention that Patrick did not drive the wrong way down the one-way street is not supported by the evidence.

### 2.	Lawfulness of the Arrest

Next, Patrick argues that his arrest was unlawful because this traffic violation provided no probable cause for an arrest.  In general, "probable cause [to arrest] exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime." United States v. Young, 105 F. 3d 1, 6 (1st Cir.1997).  Morever, courts "consider the totality of the circumstances in evaluating whether the government demonstrated a sufficient '[p]robability . . . of criminal activity.'" United States v. Fiasconaro, 315 F.3d 28, 35 (1st Cir. 2002) (quoting Illinois v. Gates, 462 U.S. 213, 235 (1983)).

The difficulty with defendant's argument is that he was not arrested for a traffic violation.  Rather, the evidence showed that when the officers attempted to pull Patrick over, he fled.  Courts have held that flight from a police officer may give rise to probable cause to arrest a suspect. See, e.g., Seekamp v. Michaud, 109 F.3d 802, 807 (1st Cir. 1997) (affirming district court's grant of summary judgment for police officer

defendants in § 1983 case; concluding that police had probable cause to stop and arrest suspect where suspect fled police vehicle); see also United States v. Reid, No. 04-4752, 2006 WL 1735387, *2 (3d Cir. May 18, 2006) (officers had probable cause to arrest defendant based on totality of the circumstances, including defendant's flight from police officers); Tom v. Voida, 963 F.2d 952, 959 (7th Cir. 1992) ("[defendant's] continued flight from [police officer] ripened her reasonable suspicion into probable cause [to arrest defendant]"); United States v. Martinez-Gonzalez, 686 F.2d 93, 100 (2d Cir. 1982) ("[t]he event that transformed the agents' reasonable suspicion into probable cause was [defendant's] own manifestation of guilt evidenced by his flight from the agents back into the apartment when the agents approached him to talk to him"); United States v. Nelson, 931 F. Supp. 194, 198 (N.D.N.Y. 1996) ("[officer] had probable cause to arrest based on [defendant's] traffic violations and his attempt to flee after [officer] tried to pull him over").

In addition, Patrick operated his vehicle in such a way as to be a danger to the officers as well as other drivers when he hit the car in front of him and backed his car up and drove toward the officers. See, e.g., Mass. Gen. Laws ch. 265, § 15A(b) (assault and battery with a dangerous weapon is a felony); Commonwealth v. Correia, No. 99-P-40, 52 Mass. App. Ct. 1114, 2001 WL 1243524, at *2 (Mass. 2001) (affirming on other grounds conviction of defendant for assault and battery with a dangerous weapon under Mass. Gen. Laws ch. 265, § 15A(b) where defendant struck police officer with Corvette during car chase); United States v. Bizier, 111 F. 3d 214, 219 (1st Cir. 2004) (law enforcement officer has probable cause to arrest where the officer

reasonably believes that the suspect has committed a felony offense).

Thus, the officers were justified in arresting Patrick.

### 3.     Lawfulness of the Search of the Vehicle

Finally, defendant challenges the lawfulness of the search of the vehicle.  In general, officers may not search a vehicle incident to a mere traffic stop.  See Knowles v. Iowa, 525 U.S. 113, 117 (1998) (full search of car for violation of traffic law regarding speeding for which officers issued a citation, without more, violated the Fourth Amendment); United States v. Dhinsa, 171 F.3d 721, 726 (2d Cir. 1998) ("an officer who issues a citation for a traffic violation cannot conduct a search without probable cause").  However, "[i]t is beyond cavil that pursuant to a custodial arrest, a police officer may search the passenger compartment as well as the contents of any containers found within the passenger compartment of a vehicle in which the defendant is found at the time of arrest."  United States v. Allen, 469 F.3d 11, 15 (1st Cir. 2006) (citing New York v. Belton, 453 U.S. 454, 460 (1981)).  In addition, "'passenger compartment' has been interpreted to mean those areas reachable [by the defendant] without exiting the vehicle and without dismantling door panels or other parts of the car," United States v. Infante-Ruiz, 13 F.3d 498, 503 n.1 (1st Cir. 1994), and thus courts have held that, under Belton, the entire interior of the vehicle may be searched incident to a lawful arrest.

Here, the officers searched the interior of the vehicle immediately upon arresting Patrick.  See United States v. Doward, 41 F.3d 789, 793 (1st Cir. 1994) (search incident to arrest must be contemporaneous with the arrest).  Accordingly, the

7

search was lawful.[2]

### III.  Conclusion

Defendant's Motion to Suppress (Docket # 14) evidence seized is DENIED.

|  |  |
|---|---|
| April 25, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2]  I also find that the seizure was proper in that even if the search was invalid, the contraband would have been found as part of a lawful inventory search.  See United States v. Rodriguez-Morales, 929 F.2d 780, 786 (1st Cir. 1991) (police may lawfully impound a vehicle rather than leave the vehicle on the side of a public highway or city street).